IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. ADAMS and<br>HOLLY ADAMS,<br>　　　　Plaintiffs,<br><br>　　v.<br><br>M. KELLY TILLERY and<br>PEPPER HAMILTON, LLP,<br>　　　　Defendants. | CIVIL ACTION<br><br><br><br>NO. 16-5896 |

DuBois, J.                                                                                                April 21, 2017

## M E M O R A N D U M

### I.　　INTRODUCTION

This case arises out of defendant M. Kelly Tillery's attempts to collect hold-over rent and cleaning costs from his former tenants, plaintiffs Donald J. Adams and Holly Adams. Tillery, a partner at defendant Pepper Hamilton, LLP, sent two letters demanding payment to plaintiffs on Pepper Hamilton letterhead. Based on those two letters, plaintiffs assert claims against Tillery and Pepper Hamilton for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 Pa. Stat. § 2270.4, and the Pennsylvania Unfair Trade and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. §§ 201-1, *et seq.* Presently before the Court is defendants' Motion to Dismiss. For the reasons that follow, the Court grants defendants' Motion. Plaintiffs' FDCPA claims are dismissed with prejudice. Plaintiffs' FCEUA and UTPCPL claims are dismissed without prejudice to plaintiffs' right to file a complaint asserting those claims in the appropriate state court.

## II. BACKGROUND

The facts as alleged in plaintiffs' Complaint are as follows. In March 2016, Tillery agreed to lease a residential home in Bryn Mawr, Pennsylvania to plaintiffs. Compl. ¶ 10. After plaintiffs vacated the property, Tillery attempted to collect holdover rent from plaintiffs for allegedly staying beyond the term of the lease. Compl. ¶¶ 23-24.

As part his effort to collect holdover rent, on September 19, 2016, Tillery sent a letter to plaintiffs demanding that they send him a check for $9,553.00 made payable to M. Kelly Tillery and his former spouse within three days. Compl. ¶ 26. That letter was "printed on Pepper Hamilton letterhead and included the footer, 'MKT:pab,' indicating it was prepared by a member of Tillery's and defendant Pepper Hamilton's staff." Compl. ¶ 27. On September 22, 2016, Tillery sent a second letter to plaintiffs on Pepper Hamilton letterhead, which included the following line: "If I have not received [the payment] by close of business today, I shall have no choice but to instruct one of my associates to draft and file a Complaint against you . . . ." Compl. ¶¶ 33-34.

Plaintiffs filed a Complaint in this Court on November 14, 2016, alleging violations by Tillery and Pepper Hamilton of the FDCPA, the FCEUA, and the UTPCPL. Defendants filed a Motion to Dismiss on January 10, 2017. In the Motion, defendants argue that they do not meet the statutory definition of "debt collector" under the FDCPA and thus cannot be held liable for a violation of that statute. As to the FCEUA and UTPCPL claims, defendants contend that plaintiffs do not allege (1) a fraudulent or deceptive practice or (2) justifiable reliance on that practice as required to show a violation.

## III. APPLICABLE LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to respond to a pleading by filing a motion to dismiss for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, the complaint must allege facts that "'raise a right to relief above the speculative level.'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A district court first identifies those factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded. *Iqbal*, 556 U.S. at 679. The court then assesses "the 'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s]"—to determine whether it states a plausible claim for relief. *Id.*

## IV. DISCUSSION

The Court considers plaintiffs' claims for violations of the FDCPA and then addresses plaintiffs' associated claims for violations of the FCEUA and UTPCPL.

### A. FDCPA Claims

In their Motion to Dismiss, defendants argue that they do not meet the statutory definition of "debt collector" in the FDCPA and thus cannot be held liable for violations of that statute. The Court agrees.

For the FDCPA to apply to individuals or entities seeking to collect debts, they must fall within the statutory definition of "debt collector." Under the FDCPA, "debt collector" means "any person who uses any instrumentality of interstate commerce or the mails in any business the

3

principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6). Creditors, those directly owed debts, are not subject to the FDCPA unless the creditor, "in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692(a)(6). Debt-collection communications are analyzed from the perspective of the "least sophisticated debtor" to determine if a debtor would believe a third party is collecting the debt.

Plaintiffs' argument that Tillery's use of Pepper Hamilton letterhead made him a debt collector is unpersuasive. As stated in plaintiffs' Complaint, Tillery sought to collect unpaid sums allegedly owed to him as plaintiffs' former landlord. Tillery authored both the September 19, 2016, and September 22, 2016, collection letters and signed them personally. Compl., Ex. A, September 19, 2016 Letter ("Sept. 19th Letter"), at 3.[1] The letterhead included his direct contact information, including his direct dial line and direct email. Sept. 19th Letter. He used "I" throughout both letters and did not represent that Pepper Hamilton was seeking to collect the unpaid rent and costs. Sept. 19th Letter; Compl., Ex. B., September 22, 2016 Letter ("Sept. 22nd Letter"). Tillery also demanded payment of the unpaid amount directly to him in both letters. Sept. 19th Letter and Sept. 22nd Letter. Tillery's statement that he will "have no choice but to instruct one of my associates to draft and file a Complaint against you . . ." if plaintiffs did not pay suggests that other attorneys were not yet involved in the dispute.

In a factually analogous case in the Northern District of Illinois, an attorney/landlord mailed a collection letter to his tenant and the tenant's employer on his firm's letterhead. *Gaddy*

---

[1] The Court may consider the September 19, 2016, and September 22, 2016, letters because copies of both letters are attached to the Complaint. *Oshiver v. Levin, Fishbein, Sedran, & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994)

*v. Wulf*, No. 09-C-5338, 2010 WL 1882015, at *4 (N.D. Ill. May 11, 2010). The tenant alleged that the attorney acted as a debt collector when he used firm letterhead to send the collection letters. *Id.* The court in that case found the tenant's argument unavailing and concluded that the attorney/landlord did not become a debt collector by virtue of using firm letterhead. *Id.* As in *Gaddy*, plaintiffs in this case were aware that Tillery was personally attempting to collect a debt that they allegedly owed him. Tillery's use of his own letterhead from the firm did not make him a debt collector under the FDCPA.

Likewise, the Court concludes that Pepper Hamilton does not meet the statutory definition of "debt collector" in this instance. Attorneys and firms fall within the statutory definition of "debt collector" under certain circumstances, and plaintiffs cite two cases to support their contention that Pepper Hamilton is a debt collector in this circumstance, *Heitz v. Jenkins*, 514 U.S. 291 (1995) and *Jerman v. Carlisle, McNellie, Rini, Kramer*, 559 U.S. 573 (2010). However, in both cases cited by plaintiffs, the attorneys were acting as debt collectors for their clients and regularly engaged in consumer-debt-collection activity. *Heitz*, 514 U.S. at 298-99; *Jerman*, 559 U.S. at 578-79. By contrast, in this case, the two letters at issue were collection attempts made by a creditor, Tillery, using his own name. Pepper Hamilton did not send the letters on Tillery's behalf.

Because Tillery and Pepper Hamilton do not qualify as "debt collectors" under the FDCPA and Tillery did not attempt to collect a debt in a name other than his own, the Court concludes there is no cognizable claim under the FDCPA against Tillery or Pepper Hamilton. Those claims are dismissed with prejudice because the Court concludes amendment would be futile.

B.      <u>State Law Claims</u>

The Court declines to exercise jurisdiction over plaintiffs' remaining Pennsylvania state law claims for violations of the FCEUA and the UTPCPL. "[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000). "Thus, absent extraordinary circumstances, jurisdiction over claims based on state law should be declined where the federal claims are no longer viable." *Simcic v. Pittsburgh Water & Sewer Auth.*, 605 F. App'x 88, 92 (2015).

At this early stage of the case, the Court concludes that no justification exists for retaining jurisdiction over the remaining state law claims. Accordingly, those claims are dismissed without prejudice to plaintiffs' right to file a complaint asserting state law claims in the appropriate state court.

## V.    CONCLUSION

For the foregoing reasons, the Court grants defendants' Motion to Dismiss. Plaintiffs' FDCPA claims are dismissed with prejudice. Plaintiffs' FCEUA and UTPCPL claims are dismissed without prejudice to plaintiffs' right to file a complaint asserting state law claims in the appropriate state court. An appropriate order follows.